UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 09-CR-0370 (PJS/FLN) |
| | Case No. 11-CV-3263 (PJS) |
| Plaintiff, | |
| v. | ORDER |
| TONY TAWAIN KENNEDY, | |
| Defendant. | |

Tony Tawain Kennedy, pro se.

Thomas M. Hollenhorst, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Tony Tawain Kennedy has moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Docket No. 41.

Kennedy sold approximately 110 grams of crack cocaine to a confidential informant on December 3, 2009. Kennedy was subsequently indicted and, on January 25, 2010, he pleaded guilty to one count of distributing 50 grams or more of crack cocaine. After Kennedy committed the offense, but before he was sentenced, the Fair Sentencing Act of 2010 ("FSA") was signed into law. Among other things, the FSA amended the Controlled Substances Act ("CSA") to increase the quantity of crack cocaine required to trigger the ten-year mandatory minimum sentence from 50 to 280 grams.

The Court sentenced Kennedy to a prison term of 120 months, which was the minimum sentence required under the version of the CSA that was in effect *when Kennedy committed the offense*. *See* 21 U.S.C. § 841(b)(1)(A)(iii) (2006). In his § 2255 motion, Kennedy argues that he

should have been sentenced to 60 months, which was the minimum sentence required under the version of the CSA that was in effect *when Kennedy was sentenced*.

Kennedy is incorrect. The Eighth Circuit has held clearly and repeatedly that the FSA does not apply retroactively and thus that a defendant is "subject to the penalties in place when he committed his crimes." *United States v. Neadeau*, 639 F.3d 453, 456 (8th Cir. 2011); *see also United States v. Smith*, 632 F.3d 1043, 1047-48 (8th Cir. 2011) ("[T]he general savings statute, 1 U.S.C. § 109, requires [courts] to apply the penalties in place at the time the crime was committed.") (internal quotations omitted). Most recently, in *United States v. Sidney*, the Eighth Circuit squarely rejected Kennedy's argument, holding that "the FSA is not retroactive, even as to defendants who were sentenced after the enactment of the FSA where their criminal conduct occurred before the enactment." 648 F.3d 904, 910 (8th Cir. 2011). The Eighth Circuit emphasized that "the timing of the sentence is immaterial [because] the controlling factor is the date on which the crime was committed." *Id.* at 906.

The Court recognizes that there is a circuit split regarding whether defendants like Kennedy who committed their crimes before — but who were sentenced after — the enactment of the FSA should receive the benefit of the new mandatory minimum sentences. The Eighth Circuit's holding in *Sidney* conflicts with the decisions of the First and Third Circuits. *See United States v. Douglas*, 644 F.3d 39, 44 (1st Cir. 2011) (holding that the new mandatory minimums take effect for defendants sentenced on and after November 1, 2010); *United States v. Dixon*, 648 F.3d 195, 203 (3d. Cir. 2011) (holding that the new rules take effect for defendants

sentenced on or after August 3, 2010).[1]  At the same time, the Eighth Circuit's holding in *Sidney* is consistent with decisions of the Fifth and Seventh Circuits.  *See United States v. Fisher*, 635 F.3d 336, 340 (7th Cir. 2011) (observing that the "relevant date for a determination of retroactivity is the date of the underlying criminal conduct, not the date of sentencing"), *reh'g en banc denied*, 646 F.3d 429, 430 (7th Cir. 2011); *United States v. Tickles*, Nos. 10-30852, 10-31085, --- F.3d ----, 2011 WL 4953988, at *1 (5th Cir. Oct. 19, 2011) (per curiam).

Of course, *Sidney* is controlling in this circuit, and thus this Court is bound to apply the mandatory minimum sentences that were in effect at the time that Kennedy committed his crime.  Because the version of the CSA that was in effect when Kennedy sold crack cocaine imposed a ten-year mandatory minimum, this Court was required to sentence Kennedy to no less than 120 months.  His § 2255 motion is therefore denied.

As the motion and the files and records of this case conclusively show that Kennedy is not entitled to relief, no evidentiary hearing is necessary.  *See* 28 U.S.C. § 2255(b); *Noe v. United States*, 601 F.3d 784, 792 (8th Cir. 2010).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant Tony Tawain Kennedy's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence [Docket No. 41] is DENIED.

---

[1] *Sidney* also conflicts with the most recent position of the Department of Justice.  *See* Department of Justice Memorandum dated July 15, 2011 ("[T]he law requires the application of the [FSA's] new mandatory minimum sentencing provisions to all sentencings that occur on or after August 3, 2010, regardless of when the offense conduct took place.").  The Justice Department's position, however, is not binding on this or any other court.

2. No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November 14, 2011　　　　　　　　s/Patrick J. Schiltz
　　　　　　　　　　　　　　　　　　　　Patrick J. Schiltz
　　　　　　　　　　　　　　　　　　　　United States District Judge